UNITED STATES of AMERICA
U.S. DISTRICT COURT -- EASTERN DISTRICT OF MICHIGAN

DANYELL DANIELS and
MICHAEL BURTON,

       Plaintiffs,                      DEMAND FOR JURY TRIAL

 -vs-                                        Case No.
                                             Hon.

V A N CAR COMPANY, et al.

       Defendants.

## COMPLAINT AND JURY DEMAND

## JURISDICTION

1. This court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337.

2. As to any supplemental claims set forth herein, there are no exceptional circumstances or other compelling reasons for this Court to decline jurisdiction and the interests of justice would best be served if this Court heard these claims along with the federal claims.

## PARTIES

3. The Plaintiffs to this lawsuit are Danyell Daniels and Michael Burton who reside in Michigan in Washtenaw County.

4. The Defendants to this lawsuit are as follows:

   a. V A N Car Company, Inc. ("VANCCI") which is a corporation doing business in Michigan and which by statute and condition of licensing, may be served through its irrevocable resident agent, the Bureau of Regulatory Services, Business Licensing and Regulation Division, Richard H. Austin Building – 3rd Floor, 430 W. Allegan Street, Lansing, MI 48918.

   b. Credit Acceptance Corporation ("CAC"), which is a corporation doing business in Michigan, and whose resident agent, CSC-Lawyers Incorporating Service (Company), maintains its office at 601 Abbot Road, East Lansing, MI 48823.

5. At all relevant times VANCCI -- in the ordinary course of its business -- regularly extended or offered consumer credit for which a finance charge is, or may be imposed or which, by written agreement is payable in more than four installments and is the person to whom the transaction which is the subject of this action is initially payable.

6. VANCCI is a creditor under TILA, 15 U.S.C. § 1602(g) and regulation Z § 226.2(a)(17).

**VENUE**

7. The transactions and occurrences which give rise to this action occurred in Macomb County.

8. Venue is proper in the Eastern District of Michigan.

**GENERAL ALLEGATIONS**

9. On or about January 18, 2016, Plaintiffsexecuted a purchase and finance agreement known as a retail installment contract with VANCCI for a 2007 Audi A6, VIN WAUDV74F77N046736 ("the vehicle").

10. The retail installment contract is currently held by CAC.

11. Under M.C.L. § 492.114a and under the express terms of the retail installment contract, CAC is subject to all claims and defense that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Ms. Daniels and Mr. Burton.

12. Before executing the retail installment contract, VANCCI made the following material representations ("material representations") which also constituted express warranties, were false, and related to the vehicle:

    a. That the vehicle came with a warranty; and

    b. That the cash price of the vehicle was $10,995.00.

13. The material representations were false.

14. The vehicle did not come with a written warranty.

15. VANCCI raised the price of the vehicle by $2,004.00

16. VANCCI did not provide the Plaintiffs with a copy of truth-in-lending disclosures in a form that Plaintiffs could have and keep prior to consummation of the transaction to purchase and finance the vehicle.

17. Before executing the purchase agreement, VANCCI made the following specific representations which constituted express warranties:

    a. That the vehicle came with a warranty; and

    b. That the cash price of the vehicle was $10,995.00.

18. The vehicle did not meet VANCCI's specific representations which constituted express warranties.

19. VANCCI disclaimed or limited the warranty of merchantability and fitness for use without doing so clearly and conspicuously.

20. The vehicle constitutes a "good" under article 2 of the UCC, M.C.L. §440.2101 et seq.

21. Since the date of purchase the vehicle has run poorly, unsafely and now, does not run at all.

22. Each time Plaintiffs learned of a mechanical defect, they promptly notified VANCCI of that defect.

23. Based on the frequency of breakdown, the vehicle's time out of service, the severity of the mechanical failures, the cost of warranty coverage, and amount of other expenses incurred during the limited time of ownership of the vehicle, the vehicle has been rendered unmerchantable, unfit, and of diminished value to Plaintiffs.

24. The value of the vehicle as delivered to Plaintiffs was less than the value as warranted.

25. Plaintiffs properly rescinded, canceled, or otherwise terminated the contract of sale, thereby requiring VANCCI to return of all payments for the vehicle, cancel the security interest in the vehicle, and return the motor vehicle retail instalment sales contract.

## COUNT I -- Truth In Lending Act

### (VANCCI & CAC)

26. Plaintiffs incorporate the preceding allegations by reference.

27. By failing to provide Ms. Daniels and Mr. Burton with a copy of truth in lending disclosures at the time and in the manner prescribed by Regulation Z of the Truth in Lending Act, the dealer has violated the federal Truth in Lending Act, 15 U.S.C. § 1601.

28. VANCCI failed to accurately disclose the cash price of the vehicle.

29. The failure to properly disclose the cash price of the vehicle consequently caused a failure to accurately disclose the amount financed in violation of 15 U.S.C. § 1638; 16 CFR § 226.18 (b) and (c).

30. VANCCI improperly itemized a charge in the amount of $2,004.00 for the price upcharge as an amount financed when in fact that charge was a finance charge within the meaning of Reg Z § 226.4.

31. VANCCI failed to accurately disclose the applicable finance charge as required by 15 U.S.C. § 1638 and Reg Z § 226.18(d)

32. VANCCI failed to accurately disclose and itemize the amount financed in violation of 15 U.S.C. § 1638, Reg Z § 226.18(b), and Reg Z § 226.18(c).

33. As a consequence of failing to accurately state the actual finance charge, VANCCI also misstated the applicable "APR" in violation of 15 U.S.C. § 1338 and Reg Z § 226.18(e).

34. VANCCI failed to accurately disclose the applicable "APR" as required by 15 U.S.C. § 1638; Reg Z § 226.18(32); Reg Z § 226.22.

35. VANCCI was required to make the disclosures required by 16 U.S.C. § 1638 prior to failed to prior to consummating the sale of the vehicle.

36. Those disclosures were required to be made in writing, in form that could be kept by the consumer so that consumers may shop for credit prior to engaging in a credit transaction.

37. VANCCI failed to make those disclosures in a timely fashion in violation of 15 U.S.C. § 1638(a)(4).

38. VANCCI is liable to plaintiff for actual and statutory damages to be determined at trial, costs, and statutory attorney fees in accordance with 15 U.S.C. § 1640.

### COUNT II -- Magnuson-Moss Warranty Act

### (VANCCI & CAC)

39. Plaintiffs incorporate the preceding allegations by reference.

40. Plaintiffs are consumers as defined in 15 U.S.C. §2301(3).

41. As a seller of motor vehicles, VANCCI was obligated to comply with the FTC buyers guide rule promulgated under the Magnuson Moss Warranty Act, 15 C.F.R. 455.1 *et seq*

42. Under the buyers guide rule, VANCCI was required to affix the buyers guide to the car prior to the sale of the vehicle.

43. VANCCI failed to affix the buyers guide to the car prior to the sale of the vehicle thereby violating the buyers guide rule.

44. In the FTC buyers guide, VANCCI affirmatively stated that it was giving no warranties.

45. Under the buyers guide rule, 16 C.F.R. §455.4, VANCCI may not make any oral representations contrary to the final terms incorporated into the buyer's guide.

46. The oral representations made by VANCCI are contrary to the terms stated in the buyers guide, and therefore violate 16 C.F.R. §455.4 and constitute an unfair or deceptive practice under 15 U.S.C. 2301 *et seq*.

47. Under 15 U.S.C. §2301(a)(1), VANCCI, must remedy any defect, malfunction or nonconformance of the subject vehicle as a warrantor of the vehicle.

48. VANCCI has violated 15 U.S.C. §2304(d) by failing to provide the required remedy for the failure to honor a written warranty.

49. Plaintiffs have suffered damages as a result of these breaches of warranty and failure to provide a remedy under 15 U.S.C. §2304(d).

50. Plaintiffs suffer continuing damages as a result of these breaches of warranty and failure to provide a remedy under 15 U.S.C. §2304(d).

**COUNT III -- Violation of Michigan Consumer Protection Act (VANCCI)**

51. Plaintiffs incorporate the preceding allegations by reference.

52. VANCCI is engaged in trade or commerce as that term is defined in M.C.L. § 445.902.

53. VANCCI has engaged in one or more of deceptive or unfair practices prohibited by the Michigan Consumer Protection Act, M.C.L.§ 445.903, including but not limited to the following:

   a. Causing a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services.

   b. Using deceptive representations or deceptive designations of geographic origin in connection with goods or services.

   c. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has sponsorship, approval, status, affiliation, or connection that he or she does not have.

   d. Representing that goods are new if they are deteriorated, altered, reconditioned, used, or secondhand.

   e. Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.

   f. Making false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions.

   g. Representing that a part, replacement, or repair service is needed when it is not.

   h. Representing to a party to whom goods or services are supplied that the goods or services are being supplied in response to a request made by or on behalf of the party,

when they are not.

i. Causing a probability of confusion or of misunderstanding with respect to the authority of a salesperson, representative, or agent to negotiate the final terms of a transaction.

j. Causing a probability of confusion or of misunderstanding as to the legal rights, obligations, or remedies of a party to a transaction.

k. Causing a probability of confusion or of misunderstanding as to the terms or conditions of credit if credit is extended in a transaction.

l. Disclaiming or limiting the implied warranty of merchantability and fitness for use, unless a disclaimer is clearly and conspicuously disclosed.

m. Representing that a consumer will receive goods or services "free", "without charge", or words of similar import without clearly and conspicuously disclosing with equal prominence in immediate conjunction with the use of those words the conditions, terms, or prerequisites to the use or retention of the goods or services advertised.

n. Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer.

o. Entering into a consumer transaction in which the consumer waives or purports to waive a right, benefit, or immunity provided by law, unless the waiver is clearly stated and the consumer has specifically consented to it.

p. Failing, in a consumer transaction that is rescinded, canceled, or otherwise terminated in accordance with the terms of an agreement, advertisement, representation, or provision of law, to promptly restore to the person or persons entitled to it a deposit,

        down payment, or other payment, or in the case of property traded in but not available, the greater of the agreed value or the fair market value of the property, or to cancel within a specified time or an otherwise reasonable time an acquired security interest.

    q.    Taking or arranging for the consumer to sign an acknowledgment, certificate, or other writing affirming acceptance, delivery, compliance with a requirement of law, or other performance, if the merchant knows or has reason to know that the statement is not true.

    r.    Gross discrepancies between the oral representations of the seller and the written agreement covering the same transaction or failure of the other party to the transaction to provide the promised benefits.

    s.    Charging the consumer a price that is grossly in excess of the price at which similar property or services are sold.

    t.    Causing coercion and duress as the result of the time and nature of a sales presentation.

    u.    Making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is.

54. Plaintiffs have suffered damages as a result of these violations of the Michigan Consumer Protection Act.

55. Plaintiffs suffer continuing damages as a result of these violations of the Michigan Consumer Protection Act.

### COUNT IV -- Misrepresentation (VANCCI & CAC)

56. Plaintiffs incorporate the preceding allegations by reference.

57. The material representations were intended to induce the reliance of Plaintiffs.

58. The material representations did induce the reasonable reliance of Plaintiffs.

59. VANCCI made the material representations with actual knowledge of their falsity.

60. VANCCI made the material representations with reckless disregard to their truth or falsity.

61. VANCCI made the material representations even though it should have known that they were false.

62. These actions constitute a misrepresentation upon Plaintiffs by VANCCI.

63. Plaintiffs have suffered damages as a result of this misrepresentation.

64. As a result of this misrepresentation, Plaintiffs suffer continuing damages.

### COUNT V -- Breach of Contract (VANCCI & CAC)

65. Plaintiffs incorporate the preceding allegations by reference.

66. VANCCI's tender of the performance did not conform as a result of the vehicle's mechanical defects, lack of merchantability, or fitness for intended purpose which existed at the time of delivery.

67. The failure of VANCCI to deliver conforming goods, title, and follow up services at the contract price constitutes a material breach of contract.

68. Plaintiffs have suffered damages as a result of this breach of contract.

69. Plaintiffs suffer continuing damages as a result of this breach of contract.

### COUNT VI -- Breach of Warranties (VANCCI & CAC)

70. Plaintiffs incorporate the preceding allegations by reference.

71. VANCCI has breached its warranty of merchantability.

72. VANCCI has breached its warranty of fitness for intended purpose.

73. Plaintiffs have suffered damages as a result of these breaches of warranty.

74. Plaintiffs suffer continuing damages as a result of these breaches of warranty.

### COUNT VII -- Repudiation (VANCCI & CAC)

75. Plaintiffs incorporate the preceding allegations by reference.

76. There remain executory obligations relating to the purchase of the vehicle.

77. Plaintiffs demanded assurances of VANCCI's performance.

78. VANCCI failed or refused to provide assurances of its performance consistent with its obligations.

79. VANCCI's failure to provide assurances of its performance constituted a repudiation of its contract with Plaintiffs.

80. Plaintiffs have suffered damages as a result of this repudiation.

81. Plaintiffs suffer continuing damages as a result of this repudiation.

### COUNT VIII -- UCC Revocation Of Acceptance (VANCCI & CAC)

82. Plaintiffs incorporate the preceding allegations by reference.

83. The nonconformity of the vehicle could not have been reasonably discovered by Plaintiffs at the time VANCCI tendered delivery.

84. Plaintiffs would not have accepted the vehicle had Daniels known that the vehicle was nonconforming.

85. VANCCI has not made its tender of delivery conforming.

86. Plaintiffs sent notice of revocation within a commercially reasonable time.

87. Plaintiffs have suffered damages as a result of this failure to provide a conforming tender or return of purchase price after revocation of acceptance.

88. Plaintiffs suffer continuing damages as a result of this failure to provide a conforming tender or return of purchase price after revocation of acceptance.

### COUNT IX — Motor Vehicle Sales Finance Act (VANCCI)

89. Plaintiffs incorporate the preceding allegations by reference.

90. VANCCI failed to properly complete all necessary terms of the installment contract as required by M.C.L. §492.101 et seq.

91. Plaintiffs have suffered the damages set forth above by reason of the VANCCI's violations of the MVSFA.

### COUNT X — Motor Vehicle Installment Sales Contract Act (VANCCI)

92. Plaintiffs incorporate the preceding allegations by reference.

93. VANCCI failed to properly complete all necessary terms of the installment contract as required by M.C.L. § 566.302 *et seq*.

94. Plaintiffs suffered damages in the amount of the finance charge imposed.

### JURY DEMAND

95. Plaintiffs demand a jury trial in this case.

### REQUEST FOR RELIEF

Plaintiffs request that this Honorable Court grant the following relief:

1. *Assume jurisdiction over this case including all supplemental claims.*

2. *Award actual damages.*

3. *Award treble damages.*

4. *Award statutory and punitive damages.*

5. *Award statutory costs and attorney fees.*

                                      Respectfully Submitted,

                                      ADAM G. TAUB & ASSOCIATES
                                      CONSUMER LAW GROUP, PLC

                              By:    <u>/s/ Adam G. Taub</u>
                                      Adam G. Taub (P48703)
                                      Attorney for Danyell Daniels
                                      17200 West 10 Mile Rd. Suite 200
                                      Southfield, MI 48075
                                      Phone:  (248) 746-3790
                                      Email:   adamgtaub@clgplc.net

Dated: June 20, 2016