UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANYELL DANIELS, *et al.*,

    Plaintiff,

v.

                                          Case No. 16-12265

VAN CAR COMPANY, INC., *et al.*,

    Defendants.
                                   /

**ORDER LIFTING STAY AND ORDERING PAYMENT OF FEES AND COSTS**

    Before the court is Plaintiffs' Motion to Lift Stay And [for] Other Relief. (Dkt. #15.) Defendant VAN Car Company, Inc., ("VAN") has filed a response to the motion. (Dkt. #16.) The court concludes that a hearing is unnecessary. The court will grant the relief that Plaintiffs seek.

    Plaintiffs obtained an entry of default against VAN, (Dkt. #11), which they opted to set aside in a stipulated order granting a stay pending arbitration, (Dkt. #14). That order's final provision reads as follows:

> The parties to this stipulation further agree that the Plaintiffs may move to lift the stay as to VAN Car Company at any time that there is a delay of 28 days or more by VAN Car Company in satisfying an unpaid invoice from the designated arbitration forum. In the event that the Plaintiffs successfully reinstate the action against VAN Car Company due to VAN Car Company's failure to timely pay the designated arbitration forum, the right to assert arbitration is waived by VAN Car Company, and the VAN Car Company is responsible for the delay and shall reimburse the Plaintiff for costs and attorney fees associated with the time and resources spent in arbitration.

(*Id.*, Pg. ID 51.)

Plaintiffs now assert that VAN has delayed more than 28 days in satisfying an unpaid invoice from JAMS, the designated arbitration forum, and accordingly seeks to have the action reinstated along with reimbursement of attorney's fees of $845.00 for 2.6 hours of attorney work associated with the arbitration and $250.00 in costs for the fees paid to JAMS by Plaintiffs. VAN does not deny that it has delayed more than 28 days in paying these fees and instead argues that Plaintiffs' requested relief would be inappropriate where, as here, the failure to abide by the terms of the stipulated order is explainable as a misunderstanding.

VAN contends that counsel received the notice of arbitration from JAMS dated November 7, 2016, which states that VAN was required to pay a $1,750.00 filing fee, (Dkt. #15-2), but that he then informed JAMS that he would be unavailable for some time due to preexisting travel plans which left him outside of the country"throughout most of December." VAN also contends that counsel did not receive the "Request for Missing Items" from JAMS dated November 29, 2016, identifying the filing fee as outstanding. (Dkt. #15-3.) VAN contends that it expected the arbitrator to contact counsel regarding dates, so it did not apprehend the requirement to pay the fees, admitting that this belief "in hindsight may not have been reasonable."

The stipulated order as quoted above could not be clearer about the consequences of the delay. Even were the court to entertain VAN's explanation for the delay, a planned trip abroad in December should not have prevented VAN from remitting the costs of the arbitration within 28 days once the clock started ticking in *early* November. The simple payment of a bill does not require the physical presence of an attorney. By ignoring the unpaid fee for an arbitration that VAN itself sought, VAN

assumed the risk, clearly articulated in the stipulated order, that Plaintiffs would move to lift the stay.

The court finds Plaintiffs' motion to have merit and will lift the stay to ensure the efficient resolution of this case. Thus, the court also finds that VAN has waived its right to assert arbitration and must pay the reasonable costs and fees that Plaintiffs incurred. It is not unreasonable to anticipate that an attorney would spend 2.6 hours in early preparation for an arbitration before stopping work to determine whether opposing counsel would pay the fees necessary to move forward with the proceeding. This works out to an average billing rate of $325 per hour. The State Bar of Michigan's 2014 Economics of Law Practice in Michigan Report determined that this hourly billing rate coincides with that of the 75th percentile for a managing partner in 2013. This is not unreasonable under the circumstances. *See Goodman v. Doe*, No. 323615, 2016 WL 3429772, at *14 (Mich. Ct. App. June 21, 2016) (using the same source to uphold a rate in the 95th percentile). Finally, the costs are limited to that amount which Plaintiffs paid to JAMS. The inclusion of this cost is eminently reasonable, and Plaintiffs do not include unnecessary travel, inflated copy costs, or other sundry that would give rise to concern. Therefore, court does not find the requested costs and fees to be unreasonable, nor even does Defendant contend that they are. Accordingly,

IT IS ORDERED that Plaintiffs' Motion to Lift Stay (Dkt. #15) is GRANTED.

IT IS FURTHER ORDERED that Defendant V A N Car Company, Inc., reimburse Plaintiffs $1,095.00.

IT IS FURTHER ORDERED that Defendant FILE not later than **Wednesday, March 29, 2017 at 5:00 p.m.** a sworn statement that full reimbursement has been delivered to and received by Plaintiff's counsel.

A separate notice will be filed setting the Federal Rule 26(f) scheduling conference.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: March 23, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 23, 2017, by electronic and/or ordinary mail.

s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\16-12265.Daniels.LiftStay.bss.wpd